# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs June 7, 2011

## STATE OF TENNESSEE v. LAKEYA PEOPLES

**Appeal from the Circuit Court for Madison County**
**No. 10-551      Roger Page, Judge**

**No. W2010-02292-CCA-R3-CD  - Filed June 28, 2011**

In this State appeal, the State challenges the Madison County Circuit Court's decision dismissing the charges against the defendant and expunging them from her record, claiming that the trial court was without jurisdiction to take the action because the judgment had become final. Discerning no error, we affirm the judgment of the circuit court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; James G. Woodall, District Attorney General; and Matthew Floyd, Assistant District Attorney General, for the appellant, State of Tennessee.

Nathan Pride, Jackson, Tennessee, for the appellee, Lakeya Peoples.

## OPINION

The record in this case is as sparse as it is perplexing. It appears, however, that sometime after her February 2007 arrest, the defendant entered an uncounseled guilty plea in the Jackson City Court to the offense of child neglect. What happened thereafter, however, is not entirely clear. The judgment form contains the signatures of two different city court judges as well as several other handwritten notations apparently added to the document at different points in time. Despite the two signatures below the portion of the judgment detailing the sentence to be imposed, no judicial signature appears below the line that reads: "I hereby accept the defendant's waiver of rights (finding it to be a free, knowing, and voluntary waiver) and the defendant's guilty plea, thereby finding the defendant guilty of the above offense." One handwritten notation provides "5-31-07 compl. P.W. +30,"

another provides "+60," another provides "continue compliant w/ pathways," and the date blank at the bottom of the judgment form is filled with June 28, 2007.

Despite the fact that the sentencing portion of the judgment indicates a sentence of 11 months and 29 days "to serve," the defendant never actually served any term of incarceration. According to pleadings filed by the defendant, she was ordered to attend parenting classes and report periodically to the court. After the passage of some time, she said, the city court judge told her the case would be closed based upon her completion of parenting classes. The defendant no longer reported to the court after that date. According to her pleadings, she went on to complete a course of study at Union University, where she graduated at the top of her class, and then applied for a job. During the background check required for her employment, the defendant learned that the current case remained open and pending in the Jackson City Court.

In August 2010, the defendant filed a motion in the Jackson City Court asking that the case be dismissed and the charge expunged based upon her compliance with the ordered counseling. The State opposed the motion on grounds that the judgment was entered on June 28, 2007, and that it became final 30 days after its entry. The city court granted the defendant's motion finding that "the matter was held open from its June 28, 2007 hearing," that the case remained open and pending at the time of the filing of the motion, and that the defendant was without benefit of counsel at the June 28, 2007 hearing and "mistakenly believed the matter was to be dismissed and expunged." The city court dismissed the case and ordered that the charge be expunged.

Following the entry of the city court order, the State appealed to the Madison County Circuit Court, arguing that the city court was without jurisdiction to dismiss the case and expunge the charges because the June 28, 2007 judgment became final 30 days after its entry. The circuit court disagreed.

At the October 13, 2010 hearing, the circuit court noted that it believed that the city court judge intended the judgment document to act as an "informal expungement, where you let something just pend for six months or so and if the [d]efendant didn't get in any more trouble it was dismissed." The court cited the various handwritten notations in differing colors of ink as indicative of this intent. The court noted that the defendant's name, the offense, the docket number, and the defendant's signature are in blue and were all likely placed on the form on May 31, 2007. The signature of one city court judge also appears to have been made on that same date. The circuit court ultimately determined that "probably the best person to determine whether or not this is a final judgment" was the city court judge and that the city court judge had concluded that the judgment was not final. The court deferred to that finding and affirmed the ruling of the city court judge.

-2-

In this appeal, the State argues that the trial court erred by affirming the ruling of the city court judge because the June 28, 2007 judgment became a final judgment. The record does not clearly establish, however, that the document at issue in this case was intended to be a judgment at all, much less a final judgment. We do not have the benefit of the original document, but the circuit court indicated that the various notations on the document appear in different colors of ink and were, quite clearly, placed on the document at different times. Although the State contends that the defendant entered and that the city court accepted a plea of guilty on June 28, 2007, and imposed a sentence of 11 months and 29 days to serve, the document itself belies this interpretation because it contains notations entered before June 28, 2007.

Moreover, the State does not contest the defendant's assertion that a criminal background check showed the case as open in 2010. We agree with the circuit court that the city court judge was in the best position to determine the procedural posture of the defendant's case, and the record does not contradict any of that court's findings.

Accordingly, the judgment of the circuit court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE